## TYLER COUNTY STATE BANK et al. v. JOHNSON. (No. 1011.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 9, 1924.)

1. Banks and banking ⬅15—One who left bonds with bank for safe-keeping held not a "depositor" within bank guaranty law.

One who left bonds with a bank for safe-keeping to be returned to her on demand, was not a "depositor" within Complete Tex. St. 1920, art. 486 (Vernon's Sayles' Ann. Civ. St. 1914, art. 486) providing for payment of depositors out of guaranty funds, the relation in such case being that of bailor and bailee, and not that of depositor and banker, or debtor and creditor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Depositor.]

2. Banks and banking ⬅15—Bank's conversion of bonds left with it for safe-keeping did not entitle owner to compensation out of guaranty fund.

Bank's conversion of bonds, left with it for safe-keeping on the advice of the commissioner of insurance and banking, that the bank had a right to convert bonds, did not entitle owner to compensation out of guaranty fund on theory that on such conversion owner became a depositor.

3. Banks and banking ⬅49(4)—Owner of bonds converted by bank not entitled to offset assessment made by commissioner of insurance and banking against bank's liability for conversion.

Owner of bonds left with a bank for safe-keeping and converted by the bank was not entitled to offset the assessment made by the commissioner of insurance and banking against the bank's liability for conversion.

Appeal from District Court, Tyler County; J. M. Combs, Judge.

Suit by Miss Nannie Johnson against the Tyler County State Bank and another. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

W. A. Keeling, Atty. Gen., and Jno. W. Goodwin and Walace Hawkins, Asst. Attys. Gen., for appellants.

Robt. A. Shivers, of Port Arthur, for appellee.

HIGHTOWER, C. J. This was a suit by Miss Nannie Johnson, the appellee, against the Tyler County State Bank and J. L. Chapman, the latter being sued in his capacity of commissioner of insurance and banking of the state of Texas, in which appellee sought to have established and classified against appellants a claim of $575 because of the conversion by the bank of liberty bonds belonging to her of the value at time of conversion of $575.

The allegations of appellee's petition were, in substance, as follows:

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

That prior to March 28, 1921, appellee had deposited in the Tyler County State Bank United States government bonds of the value of $575; that these bonds were left with the bank for safe-keeping and were to be returned to appellee upon her demand; that on March 28, 1921, said bank, having become insolvent, was closed by the commissioner of insurance and banking, and all of the bank's assets were taken charge of by that official; that the bank had failed and refused, upon demand, to return said bonds to appellee, but, on the contrary, had converted them to its own use and benefit; that appellee was a stockholder in said bank at the time of its failure, to the extent of $300; that the commissioner of insurance and banking, after taking charge of the bank, had levied an assessment against appellee as one of its stockholders, to the extent of $300, the par value of the stock held by her in said bank, and that appellee was forced by said commissioner to pay such assessment in cash. The prayer was for judgment establishing appellee's claim for $575, and that $300 of this amount be ordered paid out of the assets of the bank held by the commissioner, and that the remainder ($275) be ordered paid out of the guaranty fund, under the Guaranty Fund Law of this state. Appellee also prayed for general relief as against both appellants.

Appellants answered by general demurrer and general denial and other pleas, not necessary to be stated. The trial was to the court without a jury, and judgment was rendered for appellee in accordance with her prayer, and both defendants have appealed. The undisputed facts adduced upon the trial were, in substance, as follows:

On March 28, 1921, the Tyler County State Bank, having become insolvent, was closed by the commissioner of insurance and banking of this state, and said bank and all of its assets were taken charge of by said commissioner. Prior to the closing of the bank, the appellee had placed in the bank for safe-keeping liberty bonds issued by the United States government, with the understanding between herself and the bank that these bonds should be safely kept by the bank and should be returned to appellee upon her demand therefor. At the time the bank was closed, the value of these bonds, together with accrued interest, amounted to $575. After the bank was closed, appellee demanded the return of these bonds, but the bank failed and refused to return the same to her, and the same have never been returned to her, nor their value accounted for, but, on the contrary, said bonds were converted by the bank and applied to its own use and benefit.

After the bank was closed, the commissioner of insurance and banking assessed all stockholders of the bank in an amount equal to the par value of the shares held by each stockholder, including the appellee, who was a stockholder in said bank to the extent of $300, and this assessment against appellee was paid by her in cash. It was shown by the evidence that the commissioner of insurance and banking had advised the Tyler County State Bank that appellee's bonds might be used by the bank as collateral for loans and money borrowed for the use of the bank. The Tyler County State Bank was to pay no interest, and was paying no interest on the bonds.

[1] Unless these undisputed facts show that appellee was a depositor in the Tyler County State Bank in contemplation of article 486, Texas Complete Statutes, the judgment as rendered in her favor is erroneous and must be reversed. The Supreme Court of this state has heretofore had occasion to construe article 486 in several cases reaching that court, and according to that court's construction, it is clear that the appellee in this case was not a depositor.

"A depositor is one who delivers to or leaves with a bank money, or checks or drafts, the commercial equivalent of money, subject to his order, and by virtue of which action the title to the money passes to the bank." Kidder v. Hall (Tex.) 251 S. W. 497.

If it be conceded that appellee's bonds left with the bank for safe-keeping were the equivalent of money, yet it is clear that the title to the bonds was not intended to and did not pass to the bank, for it was expressly understood between the parties that the bonds were to be returned to appellee upon her demand. Nor was the relation of debtor and creditor created by such transaction. See also Hall v. First National Bank (Tex. Civ. App.) 252 S. W. 828, and Tyler County State Bank v. Rhodes (Tex. Civ. App.) 256 S. W. 947, an opinion by this court not yet [officially] reported.

[2, 3] If appellee's bonds were converted by the bank upon the belief on its part that it was authorized to convert them, by reason of the advice of the commissioner of insurance and banking to that effect, this fact cannot avail the appellee and authorize the judgment in this case. The commissioner had no authority to so advise the bank, and his unauthorized act in doing so cannot have the legal effect to bind the guaranty fund, as provided for under the statutes of this state. Bank v. Wilson, 110 Kan. 380, 204 Pac. 715. Nor was appellee entitled to offset the assessment made against her on her stock against the liability or obligation to her on the part of the bank for the conversion by it of her liberty bonds. Williams v. Rose (D. C.) 218 Fed. 898; Wingate v. Orchard, 75 Fed. 241, 21 C. C. A. 315.

Upon the undisputed facts in this case, as we have detailed them, when appellee left with the bank her liberty bonds, with the

understanding that they should be safely kept by the bank and returned to appellee upon her demand, the relation of bailor and bailee was thereby created between the parties, and not the relation of depositor and banker or debtor and creditor, and when the bank breached this contract of bailment by converting the bonds or failing and refusing to return the same to appellee upon her demand, it became liable to her to the extent of the value of the bonds as for their conversion, and upon the undisputed facts, as developed upon the trial, and appellee's prayer for general relief, the trial court should have rendered judgment in appellee's favor against the bank for the value of the bonds at the time of their conversion, with interest thereon from the date of the conversion, and not having done so, it becomes the duty of this court to render such judgment.

It, will, therefore, be the judgment of this court that the trial court's judgment as rendered be reversed, and that judgment be here rendered that appellee take nothing as against the appellant, J. L. Chapman, in any capacity, and that appellee have judgment against the Tyler County State Bank in the sum of $575, with interest thereon at the rate of 6 per cent. per annum from March 28, 1921, until paid. It is further ordered that all costs of this appeal shall be paid by the Tyler County State Bank.