

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 3, 1963

Honorable Jesse James
State Treasurer
Capitol Station
Austin, Texas

Opinion No. C-72

Re: Authority of the State
Treasurer to dispose of
certain personal property
transferred to the
Treasurer by the State
Banking Commissioner for
deposit in the State
Conservator Fund.

Dear Mr. James:

You have requested the opinion of this office in relation to the disposition of certain personal property now held in the State Conservator Fund.

In your letter of request you have stated that:

"Section 5 of Article 3272b, Revised Civil Statutes of Texas, as enacted by the 57th Texas Legislature, required that the State Banking Commissioner transfer to the State Treasurer for deposit in the State Conservator Fund all dormant deposits and other funds formerly owned by or deposited in liquidated depositories which have been held by the Commissioner for more than twenty (20) years and of which the whereabouts of the depositors, creditors, or owners have been unknown to him for more than twenty (20) years. The Act also states, in part, 'the funds shall be subject to conservation and disposition under the terms of this Article.'

"Among the dormant deposits and accounts transferred to this office there were several items of personal property, such as watches, old coins, collar buttons, razors, etc., as well as U. S. Liberty loan bonds, thrift stamps and war savings certificates.

". . .

"Please advise . . . whether this office may sell the personal property such as watches, old

-352-

coins, etc., referred to, under the provisions of Article 3272a, Section 5, if the proceeds are deposited to the credit of the State Conservator Fund and records are kept as to the amount received from the sale of each article.

"Also please advise whether this office may convert the bonds, certificates, etc., that have fixed dollar value into money with the proceeds to be deposited the same as above stated.

"In the event that you advise that this department cannot sell the property referred to, or convert the bonds, certificates, and etc. to cash, please advise the proper steps that should be taken to permit this office to obtain title sufficient to permit this department to dispose of the property by sale or conversion into money."

The property in question was placed in the custody of the State Treasurer pursuant to the following portion of Section 5 of Article 3272b of Vernon's Civil Statutes:

" . . .

"The State Banking Commissioner shall transfer to the State Treasurer for deposit in the State Conservator Fund all dormant deposits and other funds formerly owned by or deposited in liquidated depositories which have been held by the Commissioner for more than twenty (20) years and of which the whereabouts of the depositors, creditors or owners have been unknown to him for more than twenty (20) years. Upon delivery, together with a certificate of such facts under oath of the State Banking Commissioner, the funds shall be subject to conservation and disposition under the terms of this Article. The State Banking Commissioner shall deliver to the State Treasurer a record of the names and addresses of the depositors and creditors and the amounts of the deposits, credits, or other funds.

"The State Treasurer shall keep a record of the name and last known address of each depositor or creditor listed on the depository reports and the amount of each depositor account. The record shall be available for inspection at all reasonable business hours by anyone satisfying the State Treasurer that

-353-

he has an interest or possible interest therein."
(Emphasis added.)

A careful reading of the provision above quoted reveals
that it applies only to "dormant deposits and other funds." The
term "dormant deposits" is defined in Section 1(b) of Article
3272b, as "those demand, savings, or other deposits of money
or its equivalent in banking practice . . ." (Emphasis added.)
The context in which the word "funds" is used throughout Article
3272b, as well as the generally accepted meaning of the word,
indicate that the Legislature intended "funds" to mean only
money or its equivalent in banking practice. Further, no pro-
vision similar to Article 3272a, Section 5, is included in
Article 3272b to allow the State Treasurer to dispose of property
other than money or to convert the property to money by sale.
It is therefore apparent that Section 5 of Article 3272b con-
templates only the transfer of money or its equivalent to the
State Conservator Fund by the State Banking Commissioner and
does not apply to other types of personal property.

The power of sale under which you wish to dispose of the
property in question is contained in Section 5 of Article 3272a,
the relevant portion of which reads as follows:

"Sec. 5(a) All abandoned property other
than money delivered to the State Treasurer under
this Article which has been escheated and the
title thereto vested in the State of Texas shall
be sold by the State Treasurer to the highest
bidder at public sale . . ." (Emphasis added.)

Article 3272a was enacted by the 57th Legislature at its
First Called Session and became effective 90 days after the
adjournment date of August 8, 1961. Article 3272b was enacted
by the 57th Legislature at its Third Called Session and became
effective 90 days after the adjournment date of February 1,
1962. Section 10 of Article 3272b provides that:

"The provisions of this Article 3272b are
in addition and supplementary to and shall not
be construed to repeal, alter, change, or amend
any of the provisions of Article 3272a to 3289,
inclusive, Title 53, Revised Civil Statutes of
Texas, 1925, as amended."

For these reasons, we hereby hold that the word "Article" as
used in the phrase "property . . . delivered to the State
Treasurer under this Article" contained in Section 5(a) of
Article 3272a has reference solely to property delivered to the

State Treasurer under Article 3272a and does not include property placed in the custody of that office under Section 5 of Article 3272b.

It is of further significance to observe that the property subject to sale under Section 5(a) of Article 3272a is restricted to "property . . . which has been escheated and the title thereto vested in the State of Texas."  The property delivered to the State Treasurer under Section 5 of Article 3272b does not fall within this classification, in that it was deposited in the State Conservator Fund "subject to conservation and disposition under this Article" and has never been the subject of an escheat proceeding.

In view of the foregoing, it is our opinion that the State Treasurer may not sell the personal property deposited with his office pursuant to Section 5 of Article 3272b under the power of sale contained in Section 5(a) of Article 3272a. Therefore, your first question is answered in the negative.

In considering your second question, it becomes important that the legal obligations which initially came into being at the time the property was deposited with the liquidated depository be fully appreciated.  In Tyler County State Bank v. Rhodes, 256 S.W. 947 (Tex.Civ.App. 1923), deposits made in banking practice are characterized as follows at page 949:

> "Bank deposits are of two kinds, general and special.  A general deposit is a deposit generally to the credit of the depositor to be drawn upon by him in the usual course of the banking business and creates the relation of debtor and creditor between the bank and depositor.  The money or funds deposited is mingled with the other funds of the bank, and becomes the property of the bank.  It is not contemplated that the identical money shall be returned to the depositor, but the relation of debtor and creditor arises between the parties.  A special deposit is the placing of something in the custody of the bank, of which special thing restitution must be made.  Title to the thing deposited does not pass to the bank, as it does in the case of a general deposit, but remains in the depositor.  It does not enter into the general funds of the bank. It forms no part of the bank's disposable capital. It is to be kept by itself and specifically returned. Money or effects deposited with a bank for safekeeping to be returned upon demand is a special deposit, and does not create between the bank and the depositor

> the relation of debtor and creditor. Such a
> deposit creates the relation of bailor and bailee.
> The same deposit cannot be both a general and a
> special deposit. The chief characterizing element
> of a special deposit is that the thing deposited
> shall be kept safely and returned to the depositor."

After so defining general and special deposits the Court specifically held that a Liberty Bond which had been deposited with the bank was a special deposit. For holding to same effect see Tyler County State Bank v. Johnson, 257 S.W. 932 (Tex.Civ. App. 1924).

It is our opinion that the bonds, certificates, etc., about which you have inquired fall into the classification of special deposits. This being the case, the original depositories were mere bailees and, as such, they were without authority to sell, exchange or otherwise dispose of the property without specific authority under the terms of the special deposit. Any unauthorized disposition of the property would constitute a conversion of the property on the part of the depository. Tyler County State Bank v. Johnson, 257 S.W. 932 (Tex.Civ.App. 1924).

In the absence of facts which would show that the original depositories were authorized under the terms of the special deposit to exchange the stocks and bonds in question for their cash value to be held in their place, neither the Banking Commissioner, by virtue of his statutory possession (See Article 342-801, et seq., Vernon's Civil Statutes, and prior statutes), nor the State Treasurer, by virtue of Section 5 of Article 3272b of Vernon's Civil Statutes, acquired any power of disposition with regard to these special deposits. Therefore, in our opinion, the bonds, certificates, etc., having a fixed dollar value, which were placed in the custody of the State Treasurer pursuant to Section 5 of Article 3272b may not be converted into cash to be held or deposited in their place. Consequently, your second question is hereby answered in the negative.

In view of the above considerations, the personal property to which you refer in your letter of request was transferred to your office in error. In answer to your third question, personal property other than money or its equivalent in banking practice should be reported to your office by the State Banking Commissioner in accordance with the provisions of Article 3272a. Such property may then be disposed of as directed by Article 3272a, after a final judgment of escheat has been entered in regard to the property so reported.

## S U M M A R Y

Section 5(a) of Article 3272a of Vernon's Civil Statutes does not authorize the State Treasurer to offer for sale personal property placed in his custody under the terms of Section 5 of Article 3272b of Vernon's Civil Statutes; bonds, certificates and other personal property having a fixed dollar value, which were placed in the custody of the State Treasurer under Section 5 of Article 3272b, may not be converted into money and held in their place. Personal property other than money or its equivalent in banking practice should be reported by the State Banking Commissioner to the State Treasurer in accordance with Article 3272a.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By J. Albert Pruett, Jr.
Assistant

JAPJr/ca

APPROVED:

Opinion Committee
W. V. Geppert, Chairman
Murray Jordon
Norman Suarez
Gordon Zuber
Malcolm Quick

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone